# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SHAPALO LAMAR JOHNSON, <br><br> Petitioner, <br><br> v. <br><br> CONTRA COSTA COUNTY PROBATION DEPARTMENT, <br><br> Respondent. | Case No.  24-cv-07479-BLF <br><br> **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** <br><br> [Re:  ECF No. 1] |

A jury convicted Petitioner Shapalo Lamar Johnson of simple assault in Contra Costa County Superior Court.  ECF No. 1 ("Pet.") at 1.  Johnson was sentenced to three years of probation.  Pet. at 1.  Johnson subsequently and unsuccessfully pursued direct review in California state court.  Pet. at 2–3.  On October 28, 2024, Johnson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d), which is now before the Court.  *See generally* Pet.; *see also* ECF No. 12-1 ("Traverse").  Respondent filed an answer, ECF No. 7, and a memorandum in support thereof, ECF No. 7-1 ("Answer").  Having carefully considered the parties' submissions, the record in the case, and the applicable law, the Court DENIES the petition.

## I.    BACKGROUND

The following facts, presumed to be correct under 28 U.S.C. § 2254(e), are excerpted from the opinion of the Contra Costa County Superior Court Appellate Division.  *See Brown v. Horell*, 644 F.3d 969, 972 (9th Cir. 2011):

> Shapalo Johnson ("Appellant") was convicted of assault in violation of Penal Code section 240/241(a).  Appellant contends the trial court erred in failing to instruct the jury on unanimity.  We disagree.
>
> [Johnson] and victim had been in a relationship for twenty years and had one child in common. On December 13, 2021, [Johnson] angrily woke the victim up in the hotel room where they were residing.

> [Johnson] yelled at the victim accusing her of cheating on him. After the victim threatened to call the police, [Johnson] attempted to knock the phone out of her hand and then threatened to hit the victim with a shoe. When the victim attempted to leave the room, [Johnson] blocked the victim from leaving the room. The victim testified that the event happened very quickly.

ECF No. 8-9 ("Appellate Division Opinion") at 2. In connection with the motions in limine, the trial court denied Johnson's request for a unanimity instruction because such an instruction was not required. ECF No. 8-2 ("Transcript for May 23, 2022") at 8:9–10.

On direct appeal, Johnson argued that his due process rights were violated because the trial court failed to instruct the jury on unanimity. ECF No. 8-6 ("Opening Brief on Appeal"). On May 16, 2023, the Appellate Division affirmed the judgment in a reasoned opinion, finding that a unanimity instruction was not required. Appellate Division Opinion at 2. On May 30, 2023, Johnson filed an application for certification for transfer to the Court of Appeal, which was denied the next day. ECF No. 8-10 ("Application for Certification of Transfer"); ECF No. 8-11 ("Denial of Petition for Certification and Transfer"). Johnson subsequently filed the instant habeas petition, which is now before the Court.

## II.   LEGAL STANDARD

A federal court may entertain a habeas petition from a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a district court may not grant habeas relief unless the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 412 (2000). When there is no reasoned opinion from the highest state court to consider the petitioner's claims, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). In addition, the federal habeas court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness

*United States District Court*
*Northern District of California*

by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Kirkpatrick v. Chappell*, 926 F.3d 1157, 1170 (9th Cir. 2019).

The U.S. Supreme Court has made clear that § 2254(d)(1) consists of two distinct clauses. *Williams*, 529 U.S. at 412–13. "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than th[e] Court has on a set of materially indistinguishable facts." *Id.*  "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.  It is important, however, that a federal court not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  The pertinent question is whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

For the purposes of both clauses, "clearly established Federal law" consists of Supreme Court holdings (excluding dicta) existing at the time of the relevant state court decision, because only the Supreme Court's holdings are binding on the state courts. *Id.* at 412.  Circuit law may nevertheless be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent. *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003), *overruled on other grounds by Lockyer v. Andrade*, 538 U.S. 63 (2003).

As apparent from the foregoing, AEDPA sets forth a highly deferential standard for evaluating state court rulings: it requires a state prisoner "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).  Moreover, even if a petitioner establishes a constitutional violation under the relevant standard, that is only the first hurdle the petitioner must clear.  Habeas petitioners "are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" *Davis v. Ayala*, 576 U.S. 257, 267

United States District Court
Northern District of California

3

(2015) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).  "Under this test, relief is proper only if the federal court has grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict."  *Id.* at 267–68 (internal citation omitted).  With these principles in mind, the Court now addresses Johnson's claim.

## III.    DISCUSSION

Johnson contends that the trial court's failure to give a unanimity instruction violated his rights to due process and a unanimous jury verdict.  Pet. at 5; Traverse at 2–3.  He argues that the record contains evidence of two discrete acts, either of which could have served as the basis for the jury's verdict of guilty.  Pet. at 5.  First, Johnson attempted to knock the victim's phone out of her hand.  *Id.*  Second, Johnson picked up the victim's shoe and threatened to hit her with it.  *Id.*

### A.    Appellate Division Opinion

When Johnson raised this argument on direct appeal, the Appellate Division disagreed. The state appellate court found that a unanimity instruction was not required, reasoning:

> A unanimity instruction is given to thwart the possibility that jurors convict a defendant based on different instances of conduct." (*People v. Hernandez* (2013) 217 Cal. App. 4th 559, 569.) However, a unanimity instruction is not required "if the case falls within the continuous course of conduct exception, which arises 'when the acts are so closely connected in time as to form part of one transaction' [citation]."  (*People v. Jennings* (2010) 50 Cal. 4th 616, 679.) Essentially, where the evidence shows multiple acts in a continuous course of conduct the trial court is not required to give the unanimity instruction.  (*People v. Maury* (2003) 30 Cal. 4th 342, 423.) In the present case, all the events happened in quick succession.  By all accounts there was no break during the entire incident.  The entire incident took place inside the hotel room.  As such, the trial court did not err in determining the unanimity instruction was not required.

Appellate Division Opinion at 2.

### B.    Federal Law

It is clearly established that the Sixth Amendment jury trial guarantee, as applied to state trials through the Fourteenth Amendment, requires all verdicts to be unanimous.  *See Ramos v. Louisiana*, 140 S. Ct. 1390, 1397 (2020) (reversing nonunanimous state court conviction as a violation of the Sixth and Fourteenth Amendments).  But the Supreme Court has not extended

United States District Court
Northern District of California

*Ramos* to the predicate acts of an offense. *See Wilson v. Gamboa*, No. 24-1818, 2025 WL 2977246, at *2 (9th Cir. Oct. 22, 2025) ("*Ramos* does not require a unanimity instruction for predicate acts—only that the jury's verdict be unanimous."). In other words, "the Supreme Court has required unanimity in determining that the defendant committed the crime of conviction but not in finding how the defendant committed the crime." *Williams v. Anglea*, No. 19-cv-10867 PSG-SHK, 2021 WL 2965440, at *9 (C.D. Cal. May 18, 2021), *report and recommendation adopted*, 2021 WL 2953141 (C.D. Cal. July 9, 2021); *see also Crow v. Haynes*, No. 16-cv-05277-RJB-JRC, 2020 WL 5371375, at *19 (W.D. Wash. Aug. 20, 2020) (explaining that there is no clearly established federal right to a jury that is unanimous regarding the means by which a crime was committed). The Supreme Court has instead explained that a jury's disagreement about which underlying facts gave rise to the element of a crime "would not matter" so long as all of the jurors "unanimously concluded that the Government had proved the necessary related element." *Richardson v. United States*, 526 U.S. 813, 817 (1999); *see also Schad v. Arizona*, 501 U.S. 624, 631–632 (1991) (plurality opinion); *McKoy v. North Carolina*, 494 U.S. 433, 449 (Blackmun, J., concurring).

Where a habeas claim rests on an alleged constitutional error arising from a jury instruction, federal courts conduct a two-step analysis. First, the court "considers whether the error in the challenged instruction, if any, amounted to 'constitutional error.'" *Morris v. Woodford*, 273 F.3d 826, 833 (9th Cir.2001) (quoting *Calderon v. Coleman*, 545 U.S. 141, 146 (1998)). If the instruction did not contain a constitutional error, then the inquiry ends and the petitioner's writ is properly denied. *See id.* If the federal court finds that the instruction did contain a constitutional error, "the court then considers whether the error was harmless." *Id.* (citing *Calderon*, 545 U.S. at 145). Federal habeas relief is unavailable unless "the error, in the whole context of the particular case, had a substantial and injurious effect or influence on the jury's verdict." *Calderon*, 525 U.S. at 147 (citing *Brecht*, 507 U.S. at 637). The challenged instruction "may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *Cupp v. Naughten*, 414 U.S. 141, 146–47 (1973). "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Henderson*

*v. Kibbe*, 431 U.S. 145, 155 (1977). Thus, a habeas petitioner whose claim involves the failure to give a particular instruction bears an "especially heavy" burden. *Id.* at 147, 154.

### C.    Analysis

Johnson does not contend that the jury's verdict was not unanimous, but argues that the trial court's failure to instruct the jury on unanimity "permitted the jurors to convict him of simple assault without requiring them to agree on a particular assaultive act." Traverse at 2. According to Johnson, the state appellate court's determination that "all of the events happened in quick succession" is belied by the evidence, including because the victim was able to distinguish between Johnson's attempt to knock her phone out of her hand and Johnson's threatening to hit her with a shoe. Traverse at 2. Johnson also bases his argument on the prosecutor's speaking to the jury about the assault only in general terms. Traverse at 2–3.

It is not clearly established under federal law that the jurors must unanimously agree on which particular acts gave rise to the conviction. As a consequence, and as Johnson acknowledges, his argument depends on extending the holding of *Ramos*, which only requires that a jury's *verdict* be unanimous. Traverse at 3. An extension of the holding of a Supreme Court opinion does not constitute clearly established federal law. *See White v. Woodall*, 572 U.S. 415, 426 (2014). Nor does Johnson identify any other Supreme Court case law in support of his contention. To the contrary, the Supreme Court has distinguished between the unanimity of a verdict, and unanimity with respect to the underlying facts that give rise to a conviction, finding that the former is required while the latter is not. *See Richardson v. United States*, 526 U.S. at 817. Because Johnson had no clearly established right to the jury's agreement on which underlying facts constituted simple assault, the state court's determination that he was not entitled to a unanimity instruction is not contrary to, or an unreasonable application of, clearly established federal law. Johnson's claim fails as a result.

### IV.    ORDER

After a careful review of the record and pertinent law, the Court concludes that the Petition must be **DENIED.** Further, a Certificate of Appealability is **DENIED**. *See* Rule 11(a) of the Rules Governing Section 2254 Cases. Johnson has not made "a substantial showing of the denial

of a constitutional right." 28 U.S.C. § 2253(c)(2). Nor has Johnson demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Johnson may not appeal the denial of a Certificate of Appealability in this Court but may seek a certificate from the Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED.**

Dated:  February 27, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

7